NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. MCGRUDER, | No. C 08-05227 JF (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| GOV. ARNOLD SCHWARZENNEGGER, | |
| Respondent. | |

Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad, California, seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Governor of California's reversal of the Board of Parole Hearing's grant of parole on February 8, 2007. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1986, Petitioner was sentenced to a term of 15 years to life in state prison after pleading guilty to second degree murder in Los Angeles County Superior Court. The

1  Board of Parole Hearings ("Board") found Petitioner suitable for parole for a second time,
2  and, for a second time, the Governor reversed that decision and denied parole on February
3  9, 2007.  (Pet. Ex. 7.)  Petitioner sought habeas relief in the state superior court, state
4  appellate court, and state supreme court, all of which were denied.  Thereafter, Petitioner
5  filed the instant federal petition on November 19, 2008.

**DISCUSSION**

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.   Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges that the Governor's decision violated his right to due process because it is not based on some evidence. Liberally construed, Petitioner's claim is cognizable under § 2254.  The Court orders Respondent to show cause why the petition for a writ of habeas corpus should not be granted.

**CONCLUSION**

1.   The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.   Respondent shall file with the Court and serve on Petitioner, **within sixty**

1  **(60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of
2  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
3  should not be granted.  Respondent shall file with the answer and serve on Petitioner a
4  copy of all portions of the state parole record that have been transcribed previously and
5  that are relevant to a determination of the issues presented by the petition.
6        If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
7  with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the
8  answer.
9        3.   Respondent may file a motion to dismiss on procedural grounds in lieu of
10 an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules
11 Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
12 with the Court and serve on Respondent an opposition or statement of non-opposition
13 **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court
14 and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.
15       4.   It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
16 that all communications with the Court must be served on respondent by mailing a true
17 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
18 parties informed of any change of address by filing a separate paper captioned "Notice of
19 Change of Address."  He must comply with the Court's orders in a timely fashion.
20 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
21 to Federal Rule of Civil Procedure 41(b).
22       IT IS SO ORDERED.
23
24 DATED:  __3/10/09_____                _____
                                          JEREMY FOGEL
                                          United States District Judge
25
26
27
28

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.08\McGruder05227_osc-parole.wpd     3